(14 Misc. Rep. 542.)

### DUNN et al. v. WEHLE.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

CITY COURT OF NEW YORK—JURISDICTION—ACTION AT LAW.
   A complaint in an action in the city court of New York which alleges that defendant, by false representations, induced plaintiff to execute an assignment of a judgment; that defendant collected the amount thereof, and refused to pay it over,—and asks for the recovery of the amount of the judgment, and that the assignment be set aside, states a legal cause of action as to the recovery asked, and to that extent the city court has jurisdiction. 33 N. Y. Supp. 555, reversed.

Appeal from city court, general term.

Action by Patrick Dunn and Ann Dunn against Charles Wehle. An order discontinuing the case without costs was affirmed by the city court (33 N. Y. Supp. 555), and defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles Wehle and Geo. H. Yeaman, for appellant.
John Whalen, for respondents.

DALY, C. J. The city court denied costs to the defendant, upon the plaintiffs' application for leave to discontinue, upon the ground that the complaint showed want of jurisdiction in that court, and it therefore had no power to award costs to either party. The complaint set forth a cause of action for money, of which the city court had jurisdiction, but it demanded, in addition to the judgment at law, equitable relief, which was unnecessary in aid of the legal recovery. In such a case I think that the plaintiffs might have waived, or the court might have disregarded, the prayer for equitable relief, and judgment might have been given at law; and so, when plaintiffs sought to discontinue after putting the defendant to the trouble of answering, the court might have allowed costs, as a condition of granting the application. The plaintiffs' cause of action was that through their attorney, this defendant, they had obtained judgment against third parties for $1,793.73, and that the said attorney had collected the sum of $1,400 from said parties, and satisfied the judgment, and had retained the money so collected after demand upon him. The complaint averred, in addition, that at the time of obtaining the judgment he had induced one of the plaintiffs, Patrick, to execute an

assignment of it to him (defendant), representing that instrument to be an authority to collect and receive the amount of the judgment; that the other plaintiff, Ann, had refused to sign or execute the instrument; that nevertheless it was filed in the office of the clerk of the court, purporting to be signed and executed by both plaintiffs, but that it was null, void, and of no effect. The equitable relief prayed for was that the alleged assignment be declared fraudulent and void and of no effect, and that the same be set aside. The cause of action set forth was purely legal in its nature. If the averments of the complaint were true, the alleged assignment was fraudulent in law as well as in equity; and, if it were interposed as a defense to the plaintiffs' claim for the proceeds of the judgment, it would have been ineffectual on proof of the fraud, or that it was delivered merely as evidence of authority to collect the judgment. As between plaintiffs and their judgment debtor, it might have been necessary to invoke the equity powers of the court to cancel the assignment before attempting to collect the judgment; but, where the judgment has been paid to the alleged fraudulent assignee, no cancellation is necessary as a prerequisite to a recovery from him. The primary right of the plaintiffs was a legal one,—their remedy pecuniary and legal. 8 Am. & Eng. Enc. Law, 650, 651. The order will therefore be reversed, with costs and disbursements of this court to appellant, and the case remitted to the city court to exercise its discretion in the matter of the imposition of costs upon discontinuance. All concur.