(21 Misc. Rep. 24.)

### DUNN et al. v. WEHLE.

(Supreme Court, Appellate Term. July 29, 1897.)

CONTRACTS—ASSENT—FALSE REPRESENTATIONS.

    Proof that plaintiff knew the nature and effect of an assignment of a judgment does not meet plaintiff's charge that he was induced to make such assignment to defendant, instead of some other person, by reason of defendant's· false representation that plaintiff would be sent to prison if he did not do so.

Appeal from city court of New York, general term.

Action by Patrick Dunn and another against Charles Wehle to· recover $1,793.73, the amount of a judgment in plaintiffs' favor against the Phœnix Assurance Company of London, which judgment was assigned to defendant, who was the attorney of plaintiffs in procuring it. A judgment entered on a verdict in favor of plaintiffs for $750 was affirmed by the general term (45 N. Y. Supp. 1138),. and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles Wehle and George H. Yeaman, for appellant.

John Whalen, for respondents.

DALY, P. J. The defendant, an attorney and counselor at law,. was retained by the plaintiffs to collect the amount of two certain policies of insurance issued to Patrick Dunn by the Phœnix Assurance Company of London. He recovered a judgment for them. against the company for $1,793.73, and then requested them to execute an assignment of it to him for the purpose of enabling him,. as he represented, to collect it. He then received from the company in settlement $1,400, of which he offered the plaintiffs $450, which· they refused, and brought this action to recover the whole amount of the judgment. The defendant claims that the plaintiffs had·: agreed to allow him two-thirds of the recovery as compensation· for his services in collecting upon the policies, the claim being a· doubtful one,—such share to cover all disbursements; the latter· amounting to $254,—and that the plaintiffs were indebted to him· besides in the sum of $200 for services in other litigations. The·

plaintiffs denied any agreement to allow defendant two-thirds of the recovery, and disputed the other indebtedness. The jury rendered a verdict in plaintiffs' favor for $750, and defendant appeals.

The assignment of the judgment which defendant requested plaintiffs to execute expressed as consideration the sum of $800, and plaintiffs received back from him a brief writing in which he agreed to pay them their share of the judgment when collected. He also advanced to them $25 on account. In the complaint the assignment was attacked on the ground that it was procured by fraudulent representations, and was stated to be an authority to collect the judgment. The proof on plaintiffs' part is that defendant told them he wanted them to make an assignment for him to collect the money from the company; that he wished them "to make a collector of him"; that when the plaintiff Patrick asked him, "Can I not turn it over to my family, to my son,—not myself, but any other man?" defendant answered: " 'No, you cannot. I will have to do it, and I will get you a good sum of money. And, if you take any money in your hands from the insurance company, you will be sent up the river.' Q. Did he say why you would be sent up the river? A. That my creditors would send me up the river." This was explained as referring to certain judgment creditors; and defendant, while denying that he so stated on the occasion in question, testified that on another occasion he told plaintiff "that, if he recovered a judgment, he must be very careful, because he had sworn in supplemental proceedings he had nothing, and they might examine him again, and he must be very careful, or they might send him up the river." The plaintiff Patrick knew that the paper was in form an assignment, and also the apparent legal effect of it, for he said: "Now, if I sign my name to this paper, what have I to show for my money? You can kick me out of this office;" and then defendant handed him the brief written agreement already mentioned, saying, "That is all you want." It is therefore contended by defendant that plaintiffs fully understood the nature and effect of the instrument, and were not misled with respect to it. But they might well rely upon his representation that the effect of it was simply "to make a collector of him," and believe that it was the proper form for giving him authority to receive the money, as he stated; and the suggestion that they understood the effect of the paper does not meet the charge that in order to induce Patrick to make the assignment to defendant in preference to a member of plaintiff's family, or another assignee of his own selection, he told him that he could not choose any assignee but him, and, if he took the money in his own hands, he would "be sent up the river, sure." This was a representation, in effect, that, by making defendant the assignee, Patrick would be protected from his creditors, and that if he refused he would be sent to prison. It was certainly untrue, and if the jury believed that it was made as an inducement to enable defendant to get control of the fund, in order to retain as much of it for himself as he thought proper, the charge in the complaint was sustained. The question of fact was for the jury, and as between attorney and client it was eminently a case to be submitted by the court to a jury; and in this case the amount

indicates that the jury considered it dispassionately, and with the desire to do exact justice. The verdict disposes also of the issue as to whether plaintiffs agreed to allow defendant two-thirds of the recovery for his services and reimbursement,- -a claim which must have seemed to the jury inconsistent with the consideration inserted by defendant in the assignment, and which was double what he afterwards tendered to the assignors,—and also of the issue as to the value of the other legal services for which defendant claimed · to be entitled to retain part of the proceeds of this collection. All the issues in the case were found in favor of the plaintiffs, and upon sufficient testimony to support the finding. We held on a former appeal in this case that the complaint stated a cause of action at law, and that it was unnecessary for plaintiffs to resort to equity in order to set aside the assignment. Dunn v. Wehle (Com. Pl.) 35 N. Y. Supp. 1093. None of the exceptions referred to by appellant requires that the verdict should be disturbed.

Judgment affirmed, with costs. All concur.